# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NAJA HAWK,                                              )
                                                       )
    Plaintiff,                         )          Civil Action No.
_____                                        
                                                       )
Equifax Information Services, LLC; Experian             )
Information Solutions, Inc.; Trans Union, LLC           )
                                                       )
    Defendants.                        )
_____)

## COMPLAINT WITH JURY TRIAL DEMAND

### 1.

The court has jurisdiction under 15 U.S.C. § 1681p.

### 2.

Plaintiff NAJA HAWK (hereinafter "Plaintiff" or "Ms. Hawk") is a consumer as defined by Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).

### 3.

Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(f.

### 4.

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(f).

1

5.

Defendant Trans Union, LLC ("Trans Union") is a consumer reporting

agency as defined by Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(f).

6.

Defendants have published several reports containing inaccurate

information furnished by Affirm, BMW Financial, Discover Bank, JPMCB, TD

Bank, and US Dept of Education.

7.

Defendants inaccurate reporting include duplicate accounts, misleading

payment status and history and reported a disputed account as resolved for the

Affirm tradeline; inaccurate payment history and improper dispute status for the

BMW Financial tradeline; incorrect balance, misleading payment status and

history, and omitting the dispute status for Discover Bank tradeline; incorrect

ownership status and omitting dispute status for the two JPMCB tradelines;

misleading payment status and history, and omitting the fact that account is

disputed for TD Bank tradeline, improper dispute status by including a dispute

notation on accounts that have not been disputed with respect to the US Dept of

Ed/GLELSI tradelines.

8.

Defendants were notified by Plaintiff that they were furnishing inaccurate

consumer reports through at least two written disputes that were sent to them in

2

2024. Yet, Defendants would not correct the reports or remove the inaccurate accounts from Plaintiff's reports.

9.

Defendants may or may not have notified the furnishers identified in paragraph 6 above. Aside from possibly notifying the furnishers did nothing else, including they did not conduct a reasonable investigation, they did not review and consider all relevant information, they did not report the current status of the accounts, they did not modify or delete information that could not be verified as accurate or incomplete and they did not add Plaintiff's statement of dispute.

10.

Had Defendants conducted a reasonable investigation, they would have discovered there were inaccuracies in their reporting and/or determined the disputed information needed to be deleted because the information could not be verified.

## FIRST CLAIM FOR RELIEF
(Negligent Noncompliance with the FCRA)

11.

Plaintiff incorporates by reference paragraphs 1 through 10 as fully stated herein.

12.

Experian negligently failed to comply with the requirements of the FCRA.

13.

As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

14.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF
(Willful Noncompliance with the FCRA)

15.

Plaintiff incorporates by reference paragraphs 1 through 10 as fully stated herein.

16.

Experian willfully failed to comply with the requirements of the FCRA.

17.

As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to

reputation, emotional distress and interference with Plaintiff's normal and usual activities for which he seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

18.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

### **Prayer**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On All Claims for Relief

1. Costs and expenses incurred in this action.

By: /s/ Naja I. Hawk
**NAJA I. HAWK**
Pleadings@thehawklegal.com
Georgia Bar No. 916396

**THE HAWK LEGAL
COLLECTIVE**
730 Peachtree Street NE, #570
Atlanta, GA 30308
Phone: (404) 439-9310

***Counsel for Plaintiff***